STATE OF CONNECTICUT EX REL. KATHERINE JAMES ET AL. v. RICHARD RAPPORT ET AL., TEACHERS' RETIREMENT BOARD

SUPERIOR COURT          NEW HAVEN COUNTY          FILE NO. 72296

Memorandum filed May 10, 1949

*Bronson, Rice & Lyman,* for the Plaintiffs.

*William L. Hadden,* Attorney General, and *Harry L. Brooks,* Assistant Attorney General, of Hartford, for the Defendants.

MURPHY, J. The plaintiffs are employees of the state of Connecticut who have for some years prior to and since 1939 been assigned to the public schools in New Haven as training teachers in the model schools of that city. They have been permitted to contribute to the "Teachers' Retirement Fund" of the New Haven school system. Since 1939, as state employees, they have also contributed to and are entitled to the benefits of the state employees' retirement system. They seek a writ of mandamus to compel the defendants as the teachers' retirement board of the state teachers' retirement system to transfer them from the New Haven to the state teachers' retirement system under the provisions of 25 Special Laws 538.

The New Haven system was set up in 1911 to cover teachers regularly appointed and employed in the public schools of that city by the New Haven board of education. 16 Spec. Laws 327, § 10. The plaintiffs were neither appointed nor employed by said board.

The 1947 special act provides for the transfer from the New Haven to the state teachers' retirement system of teachers employed in the city with the same privileges and rights as if they had become subject thereto on the day they were first employed as teachers by said city. 25 Spec. Laws 538, § 1.

The plaintiffs were employed by the state. They have never been employed by the city. They are not entitled to transfer from the New Haven to the state teachers' retirement system.

It is impossible to conclude that the legislature intended these state employees to be entitled to retirement benfits from both the state employees and state teachers' retirement systems at the same time. The converse is proved by §§ 59i and 256i of the 1947 Supplement (Rev. 1949, § 1601), which provide for transfer of members from one to the other, if eligible for both.

If the plaintiffs' contention is correct, they could upon retirement collect total annual retirement benefits from both the state employees' and the state teachers' retirement systems that would

be equal to or in excess of their yearly salaries at that time. Rev. 1949, §§ 382 and 1598. That result would be contrary to the intent and purpose for which the retirement systems were set up.

The peremptory writ of mandamus will not issue.